UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-60199-CIV-DAMIAN

**CHANEL, INC.**,

    Plaintiff,

v.

**FILED UNDER SEAL**

**THE INDIVIDUALS, BUSINESS ENTITIES, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"**

    Defendants.

_____/

### SEALED ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS [ECF NO. 7]

**THIS CAUSE** is before the Court on Plaintiff, Chanel, Inc.'s ("Plaintiff"), *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3), filed February 6, 2025 [ECF No. 7 (the "Motion")].

THE COURT has considered the Motion, the pertinent portions of the record, and the applicable law and is otherwise fully advised in the premises. For the reasons set forth below, Plaintiff's Motion is granted.

In the Motion, Plaintiff seeks an order authorizing alternative service of process on the Defendants operating under the seller names identified on Schedule "A" to the Complaint (collectively "Defendants"), all of which "Plaintiff has good cause to believe . . . are not residents of the United States." [ECF No. 7-1 at 7]. Plaintiff alleges that Defendants have established e-commerce store businesses and utilize electronic means as reliable forms of contact. Therefore, Plaintiff seeks to serve Defendants by e-mail service and website posting.

Rule 4(h)(2) of the Federal Rules of Civil Procedure describes the various ways in which a plaintiff may serve foreign entities and incorporates the service methods set forth in Rule 4(f). Rule 4(f)(3), in turn, provides that service may be accomplished "by other means not prohibited by international agreement, as the court orders." Notably, alternative methods of service under Rule 4(f)(3) are available without first attempting service by other means. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). "So especially in a circumstance where service upon a foreign corporation under Rule 4(f)(1) or 4(f)(2) has been cumbersome, district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." *Brookshire Bros. v. Chiquita Brands Int'l, Inc.,* Case No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)).

Here, the Court finds that alternative service of process under Rule 4(f)(3) is warranted. First, to the extent any Defendants are not residents of the United States, the Hague Convention does not specifically preclude service via e-mail and website posting. Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail or website posting. *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.,* Case No. 15-cv-20590-FAM, 2015 WL 5320947, at *2 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 658 U.N.T.S. 16, is limited to the specific forms of service objected to). A court acting under Rule 4(f)(3) therefore remains free to order

alternative means of service where, as here, a signatory nation has not expressly objected to those means. *See Gurung v. Malhotra,* 279 F.R.D. 215, 219 (S.D.N.Y. 2011). Accordingly, the requested service methods are not prohibited by international agreement.

Second, Defendants use at least one known and valid form of electronic contact to conduct their electronically-based businesses, and Plaintiff has created a website for the sole purpose of providing notice of this action to Defendants, the address to which will be provided to Defendants' known e-mail accounts or onsite contact forms. Therefore, service via e-mail and through posting on a designated website is "reasonably calculated, under all circumstances, to apprise [Defendants] of the pendency of the action and afford them an opportunity to present their objections." *See Brookshire Brothers, Ltd.*, 2007 WL 1577771, at *1. Thus, the Court will exercise its discretion to allow service on Defendants through e-mail and website posting.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.      Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants [**ECF No. 7**], is **GRANTED**.

2.      Pursuant to Rule 4(f)(3), Plaintiff is permitted to serve the Summonses, Complaint, and all filings and discovery in this matter upon each Defendant in this action:

a.      via e-mail by providing the address to Plaintiff's designated serving notice website to the Defendants via the e-mail accounts provided by each Defendant as part of the data related to its e-commerce store, including customer service e-mail addresses and/or onsite contact forms, and private messaging application and/or services, or via the e-commerce platform(s) or the designated registrar of record e-mail for each of the E-commerce

Store Names. *See* Schedule "A" attached to the Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3) [ECF No. 7 at pp. 18–23], which lists Defendants' means of contact; and

   b.   via website posting by posting copies of the Summonses, Complaint, and all filings, and discovery in this matter on Plaintiff's Website appearing at the URL, http://servingnotice.com/cBR3ez/index.html.

It is further

**ORDERED** that this Order shall be filed **UNDER SEAL** and shall remain under seal until further order from this Court.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 7th day of April, 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**